UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **DOCKET NO. 18-cr-00187** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **ANTHONY JOSEPH FELIX** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss Indictment and Motion for Evidentiary Hearing [doc. 27] filed by defendant Anthony Joseph Felix. This matter has been referred to the undersigned in accordance with 28 U.S.C. § 636.

Felix was indicted in this court on July 13, 2018, of one count of attempt to possess with intent to distribute narcotics, based on an incident that allegedly occurred "on or about April 25, 2018." Doc. 1. He seeks to have the federal indictment dismissed on grounds of double jeopardy, due to his indictment of and guilty plea to one count of Possession of a Schedule II Controlled Court, Calcasieu Parish, Louisiana, also based on events that occurred "on or about April 26, 2018."[1] Doc. 27, atts. 3 & 5.

As Felix acknowledges, his motion is barred by Supreme Court precedent under *Abbate v. United States*, 79 S.Ct. 666 (1959), in which the Court held that a prior conviction under state law did not bar subsequent prosecution under federal law because the state and federal governments are separate sovereigns. Doc. 27, att. 1, p. 1 n. 1. He brings his motion based on the Supreme

---

[1] Despite the discrepancy in the charged dates, the defense asserts – and the government does not contest – that the charges relate to the same conduct. Doc. 32, pp. 4–6.

Court's forthcoming consideration of *Gamble v. United States*, 694 Fed. App'x 750 (11th Cir. 2017), *petition for writ of certiorari granted*, 138 S.Ct. 2707 (2018), in which the petitioner challenges the "separate sovereigns" exception to the Double Jeopardy Clause. Felix now seeks to preserve his own double jeopardy argument in the hope that the Court might overrule *Abbate*. Doc. 27, att. 1, p. 1 n. 1. The government opposes the motion based on the existing precedent. Doc. 29.

An evidentiary hearing on this matter was held before the undersigned on November 26, 2018. Docs. 32, 33. Defense counsel appeared and waived his client's presence, then reintroduced the exhibits attached to his motion. The court has reviewed these and acknowledges that the defendant's federal charge and state court conviction relate to the same offense. Because the court is currently bound by *Abbate*, however, the defendant's arguments and exhibits provide no basis for dismissing the indictment.

Accordingly, **IT IS RECOMMENDED** that the Motion for Evidentiary Hearing [doc. 27] be **DENIED** as moot and that the Motion to Dismiss Indictment [doc. 27] be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 59(b) of the Federal Rules of Criminal Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

-3-

THUS DONE AND SIGNED in Chambers this 27th day of November, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE